UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREA SALZMANN,
STEPHANIE PRITCHARD, and
BENJAMIN SANDERS,

           Plaintiffs,

    v.                                  Case No. 22-C-894

GERALD WERGIN,
NICHOLAS WILSON, and
STAXOS, LLC,

           Defendants.

## ORDER GRANTING DEFENDANT WERGIN'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Plaintiffs Andrea Salzmann, Stephanie Pritchard, and Benjamin Sanders commenced this wage recovery action against Defendants Staxos, LLC, formerly known as GuerraWilson Group, LLC (GWG)[1], as well as GWG owner, president, and CEO Nicholas Wilson and Vice President of Government Solutions Gerald Wergin. Plaintiffs asserted that Defendants failed to pay Plaintiffs their statutorily required minimum and agreed upon wages, including bonuses, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and Wisconsin's Wage Payment and Collection Laws (WWPCL), Wis. Stat. ch. 109.

Wilson and Wergin appeared *pro se* in this case and filed answers to the amended complaint on February 13, 2023, and April 6, 2023, respectively. Staxos, as a limited liability

---

[1] On May 9, 2022, Wilson changed the name of GuerraWilson Group, LLC, to Staxos, LLC. Wilson remained owner, president, and CEO of Staxos, LLC. But at all times relevant to this action, the entity was operating as GWG.

company, was legally incapable of appearing in court unless represented by counsel. *See United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008). Because Staxos did not appear by counsel or file an answer in this case, the Clerk entered default as to Staxos on March 23, 2023. On February 1, 2024, Plaintiffs filed a motion for summary judgment. Wergin and Wilson filed separate responses to the motion for summary judgment. On May 10, 2024, the court granted Plaintiffs' motion for summary judgment, found Wergin and Wilson personally liable for GWG's violation of the FLSA and WWPCL, and entered judgment in favor of Salzmann in the amount of $10,094.00, Pritchard in the amount of $16,692.00, and Sanders in the amount of $17,600.00. Dkt. No. 42.

Plaintiffs filed a motion for attorney's fees and costs in the amount of $37,048.88 on May 22, 2024. Dkt. No. 44. On June 6, 2024, Wergin, through counsel, filed a motion to reconsider the court's order granting Plaintiffs' motion for summary judgment. Dkt. No. 50. This Order resolves both motions.

**A. Wergin's Motion for Reconsideration**

Wergin filed a motion to reconsider the court's order granting Plaintiffs' motion for summary judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Wergin requests that the court amend the judgment or, in the alternative, grant him a new trial. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting another source). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors, thereby

avoiding unnecessary appellate procedures. *See Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Vacating a judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). The decision to grant a motion to reconsider lies in the sound discretion of the court, and its ruling will be disturbed only upon a showing of an abuse of that discretion. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991).

Wergin asserts that the court committed a manifest error of law by concluding that he was an "employer" that was personally liable for the unpaid wage violations. The FLSA broadly defines "employer" to permit naming another employee, rather than the employer, as a defendant "provided the defendant had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation." *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). The WWPCL broadly defines "employer" to include "any person engaged in any activity, enterprise or business employing one or more persons within the state, including the state and its political subdivisions and charitable, nonprofit or tax-exempt organizations and institutions." Wis. Stat. § 109.01(2).

Here, there is no dispute that Wilson was GWG's owner, president, and CEO; was responsible for making decisions regarding payments to Plaintiffs; and made the decision to stop paying Plaintiffs after July 1, 2020. Because Wilson was responsible for the violations of the FLSA and WWPCL, he is personally liable for such violations. *See Montana v. JTK Restorations, LLC*, No. 14-C-487, 2015 WL 5444945, at *2 (E.D. Wis. Sept. 14, 2015) (finding that the owner of a company as well as the company itself were liable for unpaid wage violations under the FLSA and WWPCL).

3

The court finds that it erred in concluding that Wergin was also Plaintiffs' employer, however. Even though Wergin had supervisory authority over Plaintiffs as GWG's vice president of government solutions, he was not an owner of GWG. Wergin did not have any control over whether GWG or Wilson would pay Plaintiffs. Wilson directed Wergin to begin making payments to Plaintiffs with funds Wilson transferred to Wergin, but these funds were not enough to fully compensate Plaintiffs. Wergin then made the decision to make payments to Plaintiffs out of his own funds because he felt bad for Plaintiffs. The fact that Wergin made payments to Plaintiffs out of his own funds does not mean that he had any control over Plaintiffs' pay or was responsible for the unpaid wage violations. Wergin was not Plaintiffs' employer. Therefore, he cannot be found personally liable for GWG's violations of the FLSA and WWPCL, and Plaintiffs' claims against him must be dismissed.

**B. Plaintiffs' Motion for Attorney's Fees and Costs**

Plaintiffs filed a motion for attorney's fees and costs, seeking an award of $33,825.00 in attorney's fees and $3,223.88 in costs. To date, Defendants have not filed a response to the motion and the time to do so has passed. The FLSA allows "a reasonable attorney's fee to be paid by the defendant, and costs of the action" to a successful plaintiff. 29 U.S.C. § 216(b). A district court calculates attorney's fees using the "lodestar" method: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "If necessary, the district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (internal

quotation marks and citation omitted). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). The party seeking the fee bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Id.* Once this burden is satisfied, the burden shifts to the other party to offer evidence that sets forth a "good reason why a lower rate is essential." *Id.* (internal quotation marks and citation omitted). There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks and citation omitted); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

With respect to Attorney Clegg, Plaintiffs request an hourly rate of $250 for 2022, $275 for 2023, and $300 for 2024. Plaintiffs also request an hourly rate of $400 for Attorney Johnson's time in 2022 and $450 for 2023 and 2024. An attorney's reasonable hourly rate is "derived from the market rate for the services rendered." *Pickett*, 664 F.3d at 640 (quoting another source). The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999) (internal quotation marks and citation omitted). To support their requested fees, Plaintiffs submitted declarations from Attorneys Clegg and Johnson, demonstrating that the requested rates are in line with what is normally charged for similar services by other practitioners. *See* Dkt. Nos. 45–46. The court finds that Plaintiffs have met their burden of establishing that the requested rates are reasonable. Plaintiffs seek an award based on 97 hours of billable time spent litigating the matter and preparing the instant motion—78.5 hours for Attorney

Clegg and 18.5 hours for Attorney Johnson. The court concludes that the number of hours expended on this case was reasonable.

Having concluded that the lodestar in this action is $33,825.00 (the hourly rate times the number of hours worked), the court must consider whether that amount should be adjusted based on a number of factors. *See Hensley*, 461 U.S. at 433–34. "[T]he most critical factor in determining the reasonableness of the award is the degree of success obtained." *Zagorski v. Midwest Billing Serv., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (internal quotation marks and citation omitted). In this case, counsel's efforts resulted in a total award of $46,407.21 for Plaintiffs. Based on the degree of success obtained in this case as well as the absence of any opposition by Defendants, the court finds no reason to adjust the lodestar amount.

Plaintiffs also seek an award of costs in the amount of $3,223.88. Defendants do not challenge Plaintiffs' request for costs, and the court finds that the request is reasonable. Accordingly, Plaintiffs' motion for attorney's fees and costs is granted, and Plaintiffs are awarded $33,825.00 in attorney's fees and $3,223.88 in costs.

## CONCLUSION

For these reasons, Wergin's motion for reconsideration (Dkt. No. 50) is **GRANTED**. The court's May 10, 2024 order granting Plaintiffs' motion for summary judgment is vacated as to Plaintiffs' claims against Wergin and those claims are dismissed. The May 13, 2024 judgment is vacated.

Plaintiffs' motion for attorney's fees and costs (Dkt. No. 44) is **GRANTED**. Plaintiffs are awarded $33,825.00 in attorney's fees and $3,223.88 in costs.

The Clerk is directed to enter an amended judgment in favor of Plaintiffs Andrea Salzmann, Stephanie Pritchard, and Benjamin Sanders and jointly and severally against Defendants Nicholas

Wilson and Staxos, LLC. Andrea Salzmann is entitled to judgment in the amount of $10,094.00; Stephanie Pritchard is entitled to judgment in the amount of $16,692.00; and Benjamin Sanders is entitled to judgment in the amount of $17,600.00.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of February, 2025.

_____
William C. Griesbach
United States District Judge